# No. 23-55708

IN THE
## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

---

**LECIA L. SHORTER,**
*Plaintiff-Appellant,*

*v.*

**LEROY D. BACA et al.,**
*Defendants-Appellees.*

---

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA
DAVID O. CARTER, DISTRICT JUDGE • CASE NO. 2:12-CV-07337-DOC

---

# BRIEF OF COURT-APPOINTED AMICUS CURIAE IN SUPPORT OF PLAINTIFF-APPELLANT LECIA L. SHORTER

---

**HORVITZ & LEVY LLP**
EMILY V. CUATTO
3601 WEST OLIVE AVENUE, 8TH FLOOR
BURBANK, CALIFORNIA 91505-4681
(818) 995-0800

**HORVITZ & LEVY LLP**
JEREMY B. ROSEN
*JASON Y. SIU
505 SANSOME STREET, SUITE 1550
SAN FRANCISCO, CALIFORNIA 94111-3149
(415) 462-5600

COURT-APPOINTED AMICUS CURIAE

## DISCLOSURE STATEMENT

Jeremy B. Rosen, Emily V. Cuatto, and Jason Y. Siu, of Horvitz & Levy LLP, have been appointed by the court as pro bono amicus curiae counsel to support the appellant-petitioner, Lecia L. Shorter, in this appeal.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................iii

INTEREST OF AMICUS CURIAE ...........................................1

INTRODUCTION ..........................................................................2

JURISDICTIONAL STATEMENT ...........................................3

STATEMENT OF ISSUE PRESENTED ..................................4

STATEMENT OF THE CASE ....................................................4

I. Lecia Shorter experiences civil rights violations at Century Regional Detention Facility. ..........................................4

II. Shorter sues and ultimately prevails, but the district court denies her request for attorneys' fees. ...............................5

SUMMARY OF THE ARGUMENT ..........................................8

ARGUMENT ..................................................................................9

I. Standard of review .....................................................................9

II. An award of attorneys' fees to the prevailing plaintiff is available under 42 U.S.C. § 1988..................................10

III. Shorter is entitled to attorneys' fees...................................11

    A. Shorter is the prevailing party. ........................................11

    B. Shorter is entitled to attorneys' fees even though her attorneys represented her on a pro bono basis....................14

    C. Shorter is entitled to attorneys' fees even though she represented herself for parts of the case. ...........................15

IV. A remand for further proceedings to determine the amount of fees and costs is warranted. .......................................17

CONCLUSION .......................................................................... 23

CERTIFICATE OF COMPLIANCE........................................ 24

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Asghari v. Volkswagen Grp. of Am., Inc.*,
No. CV 13-02529, 2015 WL 12732462 (C.D. Cal. May 29, 2015) .............................................................................. 19

*Blackman v. District of Columbia*,
677 F.Supp.2d 169 (D.D.C. 2010) .................................... 16

*Blanchard v. Bergeron*,
489 U.S. 87 (1989) .............................................. 3, 9, 14, 15

*Blum v. Stenson*,
465 U.S. 886 (1984) ................................................ 14, 15

*Carey v. Piphus*,
435 U.S. 247 (1978) ...................................................... 10

*City of Riverside v. Rivera*,
477 U.S. 561 (1986) ................................................. 11, 13

*Cuellar v. Joyce*,
603 F.3d 1142 (9th Cir. 2010) ............................... 9, 14, 16

*Doe v. Ohio*,
No. 91-cv-00464, 2020 WL 728276 (S.D. Ohio Feb. 12, 2020) ................................................................... 16, 22

*Dowd v. City of Los Angeles*,
28 F.Supp.3d 1019 (C.D. Cal. 2014) ................................ 13

*Eksouzian v. Albanese*,
No. CV 13-728, 2015 WL 12765585 (C.D. Cal. Oct. 23, 2015) .......................................................................... 20

*Farrar v. Hobby*,
506 U.S. 103 (1992) ...................................................... 12

*Gomez v. Hardie,*
    No. 13-cv-00161, 2013 WL 5346703 (D. Or. Sept. 23, 2013) .............. 16

*Hensley v. Eckerhart,*
    461 U.S. 424 (1983) ..................................................................... 11

*In re HPL Techs., Inc. Secs. Litig.,*
    366 F.Supp.2d 912 (N.D. Cal. 2005) .................................................. 21

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod.*
    *Liab. Litig.,*
    No. 15-md-02672, 2023 WL 4109573 (N.D. Cal. June 20,
    2023) ........................................................................................ 22

*Indep. Living Ctr. of S. Cal., Inc. v. Kent,*
    909 F.3d 272 (9th Cir. 2018) ......................................................... 9, 10

*Labotest, Inc. v. Bonta,*
    297 F.3d 892 (9th Cir. 2002) .......................................................... 10

*Laffey v. Northwest Airlines, Inc.,*
    572 F.Supp. 354 (D.D.C. 1983) .................................................. 20, 21

*Mahach-Watkins v. Depee,*
    593 F.3d 1054 (9th Cir. 2010) ......................................................... 13

*McCown v. City of Fontana,*
    464 F.App'x 577 (9th Cir. 2011) ...................................................... 13

*McCown v. City of Fontana,*
    565 F.3d 1097 (9th Cir. 2009) .................................................... 12, 13

*Nadarajah v. Holder,*
    569 F.3d 906 (9th Cir. 2009) ...................................................... 14, 16

*Nemecek & Cole v. Horn,*
    208 Cal.App.4th 641 (2012) ........................................................... 21

*Parkinson v. Hyundai Motor Am.,*
    796 F.Supp.2d 1160 (C.D. Cal. 2010) ............................................... 19

*Pennsylvania v. Del. Valley Citizens' Council for Clean Air,*
   478 U.S. 546 (1986) ............................................................... 11

*Syers Properties III, Inc. v. Rankin,*
   226 Cal.App.4th 691 (2014) ................................................ 21

*Rolex Watch USA Inc. v. Zeotec Diamonds Inc.,*
   No. CV 02-1089, 2021 WL 4786889 (C.D. Cal. Aug. 24,
   2021) ...................................................................................... 19

*Sarabia v. Ricoh USA, Inc.,*
   No. 20-cv-00218, 2023 WL 3432160 (C.D. Cal. May 1,
   2023) ...................................................................................... 19

*Shorter v. Baca,*
   No. 12-7337, 2019 WL 6620503 (C.D. Cal. Sept. 13, 2019) ............. 5, 7

*Shorter v. Baca* (*Shorter I*),
   895 F.3d 1176 (9th Cir. 2018) ...................................... 4, 5, 6

*Shorter v. Baca* (*Shorter II*),
   Nos. 19-56182, 20-55126, 2021 WL 4958857 (9th Cir. Oct.
   26, 2021) .......................................................................... 4, 6, 7

*Simmonds v. N.Y.C. Dep't of Corr.,*
   No. 06 Civ. 5298, 2008 WL 4303474 (S.D.N.Y. Sept. 16,
   2008) ...................................................................................... 16

*Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.,*
   489 U.S. 782 (1989) ............................................................... 12

*Viveros v. Donahoe,*
   No. CV 10-08593, 2013 WL 1224848 (C.D. Cal. Mar. 27,
   2013) ...................................................................................... 21

*Voice v. Stormans Inc.,*
   757 F.3d 1015 (9th Cir. 2014) ...................................... 3, 15

*Winterrowd v. Am. Gen. Annuity Ins. Co.,*
   556 F.3d 815 (9th Cir. 2009) .............................................. 19

*Wolfstein v. Morgan, Lewis & Bockius LLP*,
No. 15-7150, 2015 WL 6394472 (C.D. Cal. Oct. 21, 2015) ................ 17

## Statutes

28 U.S.C. § 1291 ........................................................................ 3

42 U.S.C. § 1983 .............................................................. 3, 5, 10

42 U.S.C. § 1988 ............................................................... *passim*

42 U.S.C. § 1988(b) .................................................................. 9

## Rules

Fed. R. App. P. 29(a)(4)(E) ...................................................... 1

Fed. R. Civ. P. 54 ............................................................... 8, 17

Fed. R. Evid. 201 .................................................................. 18

## Miscellaneous

Board Counsel to Los Angeles City Council, "Retention of
Steptoe & Johnson LLP as Outside Tax Counsel" (Mar.
19, 2013), https://tinyurl.com/mu4px52c ............................ 21

H.R. Rep. No. 94-1558 (1976) .................................................. 11

Prison Litigation Reform Act of 1995, Pub.L. 113-4, 127 Stat.
134 ...................................................................................... 11

S. Rep. 94-1011 (1976), *as reprinted in* 1976 U.S.C.C.A.N.
5908 .................................................................................... 11

USAO Attorney's Fees Matrix — 2015–2019,
https://www.justice.gov/usao-dc/file/796471/dl (last visited
May 15, 2024) ...................................................................... 20

# AMICUS CURIAE BRIEF OF HORVITZ & LEVY LLP IN SUPPORT OF PLAINTIFF APPELLANT LECIA L. SHORTER

## INTEREST OF AMICUS CURIAE

The Court appointed Jeremy B. Rosen, Emily V. Cuatto, and Jason Y. Siu, of Horvitz & Levy LLP, to prepare amicus curiae briefing in support of the appellant in this appeal.

As the largest law firm in the nation specializing in civil appellate litigation, Horvitz & Levy has an interest in ensuring that meritorious issues are fully briefed and argued for the benefit of this Court. Horvitz & Levy has an interest in the development of the law on civil rights claims, including the award of fees under 42 U.S.C. § 1988. The firm regularly handles civil rights appeals through its leadership in directing Pepperdine University Caruso School of Law's Ninth Circuit Appellate Advocacy Clinic, as well as by accepting pro bono appointments directly from this Court.[1]

---

[1] No party or party's counsel authored this brief in whole or in part; no party or party's counsel contributed money that was intended to fund the preparation or submission of this brief; and no other person or party except amicus curiae or its counsel contributed money to fund the preparation or submission of this brief. *See* Fed. R. App. P. 29(a)(4)(E).

## INTRODUCTION

After prevailing before this Court twice, including in her most recent appeal when this Court held that defendants violated Lecia Shorter's Fourth and Fourteenth Amendment rights by holding her unclothed, chained, and deprived of showers at Century Regional Detention Facility, Appellant and Plaintiff Lecia Shorter received a unanimous jury verdict at her recent third damages trial. Representing herself, Shorter presented evidence of pain and suffering caused by defendants' wantonly negligent or reckless unconstitutional conduct. The jury awarded her $10,000 in damages.

These victories were no small feats. Nor were they easily achieved. Shorter's wins resulted from twelve years of active litigation initially led by pro bono counsel at Steptoe & Johnson and later by herself as a former attorney. She also received amicus support from Horvitz & Levy (appointed by this Court). Thus, Shorter prevailed in this long-running litigation through her own efforts and with the support of many pro bono attorneys.

As the prevailing party, Shorter appropriately sought attorneys' fees under 42 U.S.C. § 1988. Despite her win, however, the trial court

rejected her fees request because Shorter represented herself in parts of this case and she never paid pro bono counsel (of course). (Amicus Curiae ("AC") ER-93 [ECF No. 615 at 7].) The trial court's reasoning is wrong under established precedent: Even "where there are lawyers or organizations that will take a plaintiff's case without compensation, that fact does not bar the award of a reasonable fee." *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989); *Voice v. Stormans Inc.*, 757 F.3d 1015, 1017 (9th Cir. 2014).

This Court should reverse and remand for an award of fees and costs.

## JURISDICTIONAL STATEMENT

The district court had jurisdiction over this action under 42 U.S.C. § 1983. The judgment on the jury verdict was entered on April 19, 2023 (AC ER-29–30 [ECF No. 573]), and an amended judgment was entered on August 1, 2023 (AC ER-97 [ECF No. 616]). Shorter timely filed a notice of appeal on August 9, 2023. (AC ER-98 [ECF No. 617 at 1].) This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF ISSUE PRESENTED

Whether a prevailing plaintiff in a civil rights case who primarily was represented by pro bono counsel is entitled to attorneys' fees and costs under 42 U.S.C. § 1988.

## STATEMENT OF THE CASE

### I.    Lecia Shorter experiences civil rights violations at Century Regional Detention Facility.

The facts are laid out in two of this Court's prior decisions. *See Shorter v. Baca* (*Shorter I*), 895 F.3d 1176 (9th Cir. 2018); *Shorter v. Baca* (*Shorter II*), Nos. 19-56182, 20-55126, 2021 WL 4958857, at *1 (9th Cir. Oct. 26, 2021).

To sum up, from November 15, 2011 to December 17, 2011, Shorter was held as a pretrial detainee for thirty-two days at Century Regional Detention Facility, a jail facility in Lynwood used for female inmates. *Shorter II*, 2021 WL 4958857, at *1; *Shorter I*, 895 F.3d at 1179. During this time, the defendants, deputies Jacqueline Ortiz and Alejandra Avalos, left Shorter "unclothed and chained . . . after [her] clothes had already been searched." *Shorter II*, 2021 WL 4958857, at *1. Shorter also did not receive more than three showers during her thirty-

two-day confinement. *Id.* Nor was she ever "provided with unshackled and/or outdoor recreation time." *Shorter v. Baca*, No. 12-7337, 2019 WL 6620503, at *10 (C.D. Cal. Sept. 13, 2019), *aff'd in part, rev'd in part*, 2021 WL 4958857 (9th Cir. Oct. 26, 2021).

## II. Shorter sues and ultimately prevails, but the district court denies her request for attorneys' fees.

After her release, Shorter, proceeding pro se, sued the County of Los Angeles, Sheriff Leroy Baca, and deputies Ortiz and Avalos. *Shorter I*, 895 F.3d at 1179–80. Shorter asserted civil rights claims under 42 U.S.C. § 1983 based on the jail's strip-search policy and her conditions of confinement, including denial of access to recreation and showers. *Shorter I*, 895 F.3d at 1179.

On September 22, 2014, Shorter requested pro bono representation from the district court. (*See* AC ER-4 [ECF No. 67].) Attorneys Dylan Ruga, Ji-In Lee, and David Kwasniewski, of Steptoe, then appeared in the case to represent Shorter. (AC ER-5 [ECF No. 68 at 1].) The Steptoe attorneys worked up the case for trial, filed several summary judgment and motion in limine papers, attended a settlement conference, and tried the case in a five-day jury trial. (*See* AC ER-112–19.)

After Shorter lost at her first trial, Steptoe added its Bay Area managing partner William Abrams to lead the appeal before this Court. *See Shorter I*, 895 F.3d at 1179. The appeal was successful, and this Court vacated a partial grant of summary judgment, reversed the denial of a new trial, and remanded for further proceedings. *Id.* at 1180. This Court held, among other things, that the district court erred in instructing the jury to defer to defendants in deciding Shorter's excessive search and conditions of confinement claims. *Id.* at 1182. This Court further concluded that the instructional errors were prejudicial and required a new trial "[g]iven the strength of Shorter's evidence that the jail's policies were not reasonably related to the jail's interest in securing inmates and staff." *Id.* at 1190.

Upon remand, Shorter's counsel filed another round of summary judgment papers and in limine motions and oppositions. (*See* AC ER-125–33.) In April 2019, Steptoe assembled another team of trial lawyers to represent Shorter at another five-day jury trial: Michael Baratz, Meegan Brooks, and Parker Matthews. (*See* AC ER-16 [ECF No. 336].) A jury again found against Shorter. *Shorter II*, 2021 WL 4958857, at *1. Notwithstanding the jury's verdict, based on the trial presentation, the

district court held that Shorter was entitled to judgment as a matter of law on her lack of recreation claim. *Shorter*, 2019 WL 6620503, at *10.

Steptoe withdrew as counsel in August 2019 (AC ER-17 [ECF No. 364]). On appeal, Shorter represented herself, and this Court appointed Horvitz & Levy to serve as amicus counsel supporting her. On appeal, this Court held that Shorter was entitled to judgment on her excessive search and inadequate sanitation claims, reasoning that there was no "penological justification for leaving inmates unclothed and chained for any period of time after their clothes had already been searched" and "Shorter received [no] more than three showers during her 32-day confinement." *Shorter II*, 2021 WL 4958857, at *1. This Court remanded the case "for adjudication of the amount of damages to which Shorter is entitled on her lack of recreation, excessive search, and inadequate sanitation claims." *Id.* at *3.

Because Steptoe had withdrawn as trial counsel, Shorter represented herself at the damages trial, which was heard by a jury in March 2023. (AC ER-18–24 [ECF Nos. 545–49, 556].) The jury awarded Shorter $10,000 in compensatory and punitive damages. (AC ER-25–28 [ECF No. 560].)

After trial, Shorter moved to amend the judgment to, among other things, include attorneys' fees and costs under Federal Rule of Civil Procedure 54 and 42 U.S.C. § 1988. (AC ER-47 [ECF No. 574 at 17].) Shorter argued that she is entitled to a fees award because she prevailed in a civil rights action. (AC ER-47 [ECF No. 574 at 17].) The district court denied her fees request because she is a pro se litigant. (AC ER-92–93 [ECF No. 615 at 6–7].)

Shorter appealed. (AC ER-98 [ECF No. 617 at 1].)

## SUMMARY OF THE ARGUMENT

Amicus curiae presents a simple but significant issue on appeal: Did the district court err by denying Shorter's attorneys' fees request under 42 U.S.C. § 1988?

The answer is, and must be, "Yes." At least seven Steptoe attorneys worked on Shorter's case, conducting discovery, filing many motions, obtaining a reversal before this Court, trying two jury trials, and ultimately securing a judgment as a matter of law on her lack of recreation claim. It does not matter that Steptoe did not bill her, nor does it matter that Shorter started and ended the case herself. Under established Supreme Court and circuit precedent, Shorter, as the

prevailing party, is entitled to fees under § 1988 for her pro bono counsel's services. *See Blanchard*, 489 U.S. at 94 (holding pro bono representation does not bar the award of a reasonable attorney's fee under 42 U.S.C. § 1988(b)); *Cuellar v. Joyce*, 603 F.3d 1142, 1143 (9th Cir. 2010) (holding petitioner "incurred" attorneys' fees even though her lawyers provided their services pro bono). The work provided by Steptoe was essential to reaching the result today. Steptoe's work led to the discovery, liability findings, and the first necessary appellate reversal that ultimately resulted in the damages award.

In denying her request for fees on the ground that Shorter was a pro se litigant, the district court erroneously overlooked the fact that Steptoe represented Shorter for a span of six years. This Court should reverse and remand the case for a determination of reasonable attorneys' fees and costs.

## ARGUMENT

## I. Standard of review

This Court reviews a district court's denial of attorneys' fees for abuse of discretion. *Indep. Living Ctr. of S. Cal., Inc. v. Kent*, 909 F.3d 272, 278 (9th Cir. 2018). "Abuse of discretion occurs if the district court

based its decision 'on an erroneous legal conclusion or a clearly erroneous finding of fact.'" *Id.* (quoting *Labotest, Inc. v. Bonta*, 297 F.3d 892, 894 (9th Cir. 2002)). There's an important caveat, however. "Any elements of legal analysis and statutory interpretation that figure in the district court's attorney's fees decision are reviewed de novo." *Labotest*, 297 F.3d at 894 (citation omitted). This Court likewise "review[s] de novo whether the district court 'applied the correct legal standard in determining entitlement to attorneys' fees.'" *Kent*, 909 F.3d at 278.

## II. An award of attorneys' fees to the prevailing plaintiff is available under 42 U.S.C. § 1988.

In 1976, Congress passed the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, which provides that a court may award reasonable attorneys' fees to a prevailing party in any action enforcing 42 U.S.C. § 1983. The award of attorneys' fees is on top of "a § 1983 damages award[,] [which] should be to compensate persons for injuries caused by the deprivation of constitutional rights." *Carey v. Piphus*, 435 U.S. 247, 254 (1978).

The award of attorneys' fees in civil rights cases serves an important purpose. "Section 1988 was enacted to [e]nsure that private

citizens have a meaningful opportunity to vindicate their rights protected by the Civil Rights Acts." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 559 (1986); *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) ("The purpose of § 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances." (quoting H.R. Rep. No. 94-1558, at 1 (1976))), *superseded by statute on other grounds*, Prison Litigation Reform Act of 1995, Pub.L. 113-4, 127 Stat. 134; S. Rep. 94-1011, at 2 (1976), *as reprinted in* 1976 U.S.C.C.A.N. 5908, 5910 ("[F]ee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which [civil rights] laws contain."). "Congress enacted § 1988 specifically because it found that the private market for legal services failed to provide many victims of civil rights violations with effective access to the judicial process." *City of Riverside v. Rivera*, 477 U.S. 561, 576 (1986).

## III. Shorter is entitled to attorneys' fees.

### A. Shorter is the prevailing party.

The "touchstone" of the prevailing party analysis is whether there has been a "material alteration of the legal relationship" between the

parties. *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989). A "material alteration" results when there is, as here, a "judgment for damages in any amount, whether compensatory or nominal," because the damages award "forc[es] the defendant to pay an amount of money he otherwise would not pay." *Farrar v. Hobby*, 506 U.S. 103, 113 (1992). Such a change in the parties' relationship can occur through an enforceable judgment. *Id.*

Shorter proved her damages at trial and secured a judgment of $10,000 ($14,960 with prejudgment interest). (AC ER-29–30, 97 [ECF Nos. 573, 616.) Below, defendants did not dispute that Shorter prevailed. Nor did the trial court deny her fees on that basis. It is thus undisputed that Shorter is the prevailing party under § 1988.

And as the prevailing party, Shorter is entitled to substantial attorneys' fees after litigating this case for twelve years—three appeals and three jury trials. In civil rights cases, courts routinely award plaintiffs significant attorneys' fees even if the damages award is relatively small. *See McCown v. City of Fontana*, 565 F.3d 1097, 1104 (9th Cir. 2009) ("A rule of proportionality [for attorney's fees] is inappropriate . . . because it fails to recognize the nature of many, if not

most, civil rights cases, in which damages may be limited by law, regardless of the importance of the civil rights at issue." (citing *Rivera*, 477 U.S. at 576–78)); *accord, e.g., McCown v. City of Fontana*, 464 F.App'x 577, 578–79 (9th Cir. 2011) (affirming award of $148,250 in attorneys' fees and $15,034.10 in costs after plaintiff settled for $20,000 after 1.5 years of litigation); *Mahach-Watkins v. Depee*, 593 F.3d 1054, 1063 (9th Cir. 2010) (affirming award of $136,687.35 in attorneys' fees after jury awarded nominal damages of $2); *Dowd v. City of Los Angeles*, 28 F.Supp.3d 1019, 1068 (C.D. Cal. 2014) (awarding Plaintiffs $601,902.50 in attorneys' fees and $2,835.76 in costs for jury verdict of $10).

In this case, an award of significant attorneys' fees is appropriate and serves the purpose of § 1988. *See McCown*, 565 F.3d at 1104 ("[I]t was because counsel in civil rights cases 'might not have found it economically feasible' to provide services to low-income clients without a fee-shifting provision that Congress enacted § 1988."). The case should be reversed and remanded for a determination of fees and costs (*see infra* Section IV). Indeed, this is the very case Congress had in mind when providing for an award of substantial fees. Shorter's case survived

through multiple trial court and appellate court proceedings with the tremendous efforts of pro bono counsel, permitting Shorter to shine a light on serious constitutional violations. Providing for fees creates incentive for attorneys to take cases like Shorter's, which may not have a high dollar value but are needed to ensure the vindication of civil rights.

**B.    Shorter is entitled to attorneys' fees even though her attorneys represented her on a pro bono basis.**

A prevailing party may recover attorneys' fees and costs even when a party is not personally liable for them. *Blum v. Stenson*, 465 U.S. 886, 895 (1984) ("In determining the amount of fees to be awarded, it is not legally relevant that plaintiffs' counsel . . . are employed by . . . a privately funded non-profit public interest law firm." (citation omitted)); *Blanchard*, 489 U.S. at 94; *Nadarajah v. Holder*, 569 F.3d 906, 916 (9th Cir. 2009) ("It is well-settled that an award of attorneys fees . . . is not necessarily contingent upon an obligation to pay counsel. . . . The presence of an attorney-client relationship suffices to entitle prevailing litigants to receive fee awards. " (citation omitted)); *Cuellar*, 603 F.3d at 1143. Shorter is entitled to an award of attorneys' fees even if she was represented by pro bono counsel.

The Supreme Court has squarely rejected defendants' argument presented in the district court that Shorter needed to actually incur and pay Steptoe's fees to recover them (*see* AC ER-64–65 [ECF No. 614 at 7–8]). *See Blanchard*, 489 U.S. at 94; *Blum*, 465 U.S. at 895. That Steptoe did not charge Shorter does not defeat her statutory right to fees.

### C. Shorter is entitled to attorneys' fees even though she represented herself for parts of the case.

The lone reason the trial court denied Shorter's fees request is because she proceeded pro se during parts of this twelve-year litigation. (AC ER-92–93 [ECF No. 615 at 6–7].) True as that may be, it is also true that Steptoe prosecuted this case from 2014 to 2019. (*See* AC ER-5, 17 [ECF Nos. 68 at 1, 364].) The trial court erred in overlooking Steptoe's voluminous efforts on Shorter's behalf over the years.

There is no legal requirement that pro bono counsel must represent the client from start to finish for a prevailing party to recover fees. Cases recognize that attorneys who do only some of the work are nonetheless entitled to compensation for the services they provided to vindicate their client's rights. *See Voice*, 757 F.3d at 1017 ("That some of the legal services were provided pro bono does not alter our analysis or conclusion. Attorneys' fees are recoverable by pro bono attorneys to the

same extent that they are recoverable by attorneys who charge for their services."); *Gomez v. Hardie*, No. 13-cv-00161, 2013 WL 5346703, at *1 (D. Or. Sept. 23, 2013) (noting pro bono counsel who filed only an amended complaint "may obtain reimbursement from the opposing party for time incurred"). Shorter is entitled to recover fees for Steptoe's significant legal services even if they were rendered during only part of the case. *See Cuellar*, 603 F.3d at 1143; *Nadarajah*, 569 F.3d at 916.

Indeed, prevailing plaintiffs routinely receive awards of attorneys' fees and costs from Steptoe's pro bono services. *E.g.*, *Blackman v. District of Columbia*, 677 F.Supp.2d 169, 173 (D.D.C. 2010) (awarding in part Steptoe's fees request of $669,885.74), *aff'd*, 633 F.3d 1088 (D.C. Cir. 2011); *Doe v. Ohio*, No. 91-cv-00464, 2020 WL 728276, at *13 (S.D. Ohio Feb. 12, 2020) (awarding Steptoe and other firms, as pro bono counsel, attorneys' fees and costs of $3,000,000), *report and recommendation adopted*, 2020 WL 996561 (S.D. Ohio Mar. 2, 2020); *Simmonds v. N.Y.C. Dep't of Corr.*, No. 06 Civ. 5298, 2008 WL 4303474, at *10 (S.D.N.Y. Sept. 16, 2008) (awarding Steptoe, as pro bono counsel, $33,371.50). Shorter prevailed with Steptoe's services too, so she is entitled to an attorneys' fees award as well.

**IV. A remand for further proceedings to determine the amount of fees and costs is warranted.**

Shorter filed a timely request for attorneys' fees and costs under Federal Rule of Civil Procedure 54. (AC ER-47 [ECF No. 574 at 17].) If this Court reverses for an award of fees, as it should, it should direct the district court to allow Shorter to refile her motion for fees and costs supported by the best evidence available.

It appears from the record that Shorter had issues obtaining Steptoe's billing records *before* trial (*see* AC ER-56 [ECF No. 599 at 55] (Shorter stated: "I asked [Steptoe] for records of expenses of my attorneys for five years.")), and that the district court correctly noted that attorneys' fees and costs would be a post-trial issue (*see* AC ER-57 [ECF No. 599 at 56]). In connection with a renewed motion for fees on remand, Shorter should have the opportunity to obtain Steptoe's billing records now that she has decisively prevailed.

But even if Steptoe does not produce its billing records, that is no bar to an award of attorneys' fees. Shorter has other methods to support her fees request. For instance, she could tally up the total hours in official court proceedings as reported in the court's minute orders. *See Wolfstein v. Morgan, Lewis & Bockius LLP*, No. 15-7150, 2015 WL

6394472, at *1 n.2 (C.D. Cal. Oct. 21, 2015) ("A court may take judicial

notice of court records, such as those on the court's docket."), *aff'd*, 692

F.App'x 831 (9th Cir. 2017); Fed. R. Evid. 201. From the two jury trials'

minute orders, for example, it appears that about 145 billable attorney

hours were spent by Shorter's attorneys *in* court.[2] Of course, these

court-documented hours only scratch the surface on how much time

Steptoe spent on this case, but these hours cannot be disputed.

Shorter also might be able to find other ways in the district court

to approximate the additional hours worked on all of the other motions,

briefs and discovery as well. For instance, Shorter could retain an

---

[2] *See* AC ER-7 [ECF No. 154] (showing on day 1 of the 2015 trial, 6:05 hours attended by Dylan Ruga and Ji-In Lee); AC ER-8 [ECF No. 155] (showing on day 2, 6:34 hours attended by Ruga, Lee, and David. H. Kwasniewski); AC ER-9 [ECF No. 156] (showing on day 3, 6:42 hours attended by Ruga, Lee, and Kwasniewski); AC ER-10 [ECF No. 157] (showing on day 4, 4:06 hours attended by Ruga, Lee, and Kwasniewski); AC ER-11 [ECF No. 158] (showing on day 5, fourteen minutes attended by Ruga, Lee, and Kwasniewski)]; AC ER-12 [ECF No. 321] (showing on day 1 of the 2019 trial, 6:21 hours attended by Michael Baratz, Meegan Brooks, and Parker Casey Matthews); AC ER-13 [ECF No. 324] (showing on day 2, 6:10 hours attended by Baratz, Brooks, and Matthews); AC ER-14 [ECF No. 325] (showing on day 3, 4:31 hours attended by Baratz, Brooks, and Matthews); AC ER-15 [ECF No. 334] (showing on day 4, 6:04 hours attended by Baratz, Brooks, and Matthews); AC ER-16 [ECF No. 336] (showing on day 5, 3:28 hours attended by Baratz, Brooks, and Matthews).

expert witness to evaluate and support the reasonableness of her fees application, including assessing the time it ordinarily would take to write the docketed motions and briefs and to prepare for trials and oral arguments. *See Asghari v. Volkswagen Grp. of Am., Inc.*, No. CV 13-02529, 2015 WL 12732462, at *43 (C.D. Cal. May 29, 2015) (finding requested rates reasonable based on "[expert's] declaration and the court's general knowledge of rates in the Los Angeles legal community"); *Parkinson v. Hyundai Motor Am.*, 796 F.Supp.2d 1160, 1172 (C.D. Cal. 2010) ("[C]ourts recognize that expert testimony regarding attorneys' fees is appropriate.") (citing *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 827 (9th Cir. 2009)). This Court need not worry in this appeal about determining Steptoe's actual hours worked.

To determine Steptoe's attorneys' rates, the district court could use rates from the annual Real Rate Report, which is common in the Central District of California. *E.g.*, *Sarabia v. Ricoh USA, Inc.*, No. 20-cv-00218, 2023 WL 3432160, at *8 (C.D. Cal. May 1, 2023) ("To determine reasonable hourly rates for partners, associates, and paralegals, numerous courts in th[e] [Central District of California] and

elsewhere have turned to the annual Real Rate Report as a helpful guide."); *Rolex Watch USA Inc. v. Zeotec Diamonds Inc.*, No. CV 02-1089, 2021 WL 4786889, at *3 (C.D. Cal. Aug. 24, 2021) (turning to the 2020 Real Rate Report "as a useful guidepost to assess the reasonableness of [claimed] hourly rates in the Central District of California"); *Eksouzian v. Albanese*, No. CV 13-728, 2015 WL 12765585, at *3 (C.D. Cal. Oct. 23, 2015) (finding the "Real Rate Report to be a much better barometer of the reasonable rates in the Central District" than the *Laffey* matrix). Shorter could identify how long her former attorneys have been practicing based on a simple search on the State Bar's website.

The district court also could use rates from the *Laffey* matrix, *see Laffey v. Northwest Airlines, Inc.*, 572 F.Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984). The Civil Division of the U.S. Department of Justice publishes attorneys' rates based on years of experience, and the 2015 and 2019 matrixes are readily accessible. *See* USAO Attorney's Fees Matrix — 2015–2019, https://www.justice.gov/usao-dc/file/796471/dl (last visited May 15, 2024). The *Laffey* matrix is used by DOJ to evaluate requests for

attorneys' fees in civil cases in which, as here, a fee-shifting statute permits the prevailing party to recover reasonable attorneys' fees. *Id.*

Some California courts have used the *Laffey* matrix to determine a reasonable attorney's rate and apply an upward adjustment to account for locality pay differentials. *E.g.*, *Viveros v. Donahoe*, No. CV 10-08593, 2013 WL 1224848, at *6 (C.D. Cal. Mar. 27, 2013) (applying adjusted *Laffey* matrix for Los Angeles metro area); *In re HPL Techs., Inc. Secs. Litig.*, 366 F.Supp.2d 912, 921 (N.D. Cal. 2005) (using *Laffey* matrix and adjusting upward by 9-percent to account for Bay Area cost-of-living); *see also*, *e.g.*, *Syers Properties III, Inc. v. Rankin*, 226 Cal.App.4th 691, 701–02 (2014) (affirming trial court's rate determination under the adjusted *Laffey* matrix, noting "[t]here is no requirement that the reasonable market rate mirror the *actual* rate billed"); *Nemecek & Cole v. Horn*, 208 Cal.App.4th 641, 640–51 (2012) (affirming trial court's award based on *Laffey* matrix).

And if the district court wants amounts specific to Steptoe to crosscheck for reasonableness, these also are available in public documents. *See, e.g.*, Board Counsel to Los Angeles City Council, "Retention of Steptoe & Johnson LLP as Outside Tax Counsel" (Mar.

19, 2013), https://tinyurl.com/mu4px52c ("Regarding billing, Steptoe agreed to a blended rate of $450 per hour—a fixed rate to be charged by all attorneys providing services under the contract."). The district court also could rely on its "own experience" as a "guidepost[] for determining reasonable rates." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. 15-md-02672, 2023 WL 4109573, at *7 (N.D. Cal. June 20, 2023).

All this is to say, if this Court remands the case for an attorneys' fees and costs determination, even without Steptoe's actual billing records, Shorter could rely on official court reports, publicly available data, or an expert to present a substantiated attorneys' fees request. Any of these methods would yield an appropriately substantial award.[3]

---

[3] As one district court recognized, "Steptoe is a national—indeed international—law firm, with vast experience in complex litigation." *Doe*, 2020 WL 728276, at *5. So if on remand Steptoe does produce actual billing records in this case covering six years of litigation— including for discovery, motions, two jury trials and one appeal—the fees request and award would be substantially higher than relying on public records and rates.

## CONCLUSION

Based on the foregoing reasons, this Court should reverse and remand this case for an attorneys' fees and costs determination.


Dated: July 1, 2024        **HORVITZ & LEVY LLP**
JEREMY B. ROSEN
EMILY V. CUATTO
JASON Y. SIU


By: _____ s/ Jason Y. Siu _____
Jason Y. Siu

Court-Appointed Amicus Curiae
**HORVITZ & LEVY LLP**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** | 23-55708

I am the attorney or self-represented party.

**This brief contains** | 4,542 | **words,** including | 0 | words

manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

☐ complies with the word limit of Cir. R. 32-1.

☐ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1

☐ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

☐ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

☒ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    ☐ it is a joint brief submitted by separately represented parties.
    ☐ a party or parties are filing a single brief in response to multiple briefs.
    ☐ a party or parties are filing a single brief in response to a longer joint brief.

    ☒ complies with the length limit designated by court order dated | 3/1/2024

    ☐ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | s/ Jason Y. Siu | **Date** | July 1, 2024

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8** | *Rev. 12/01/22*